

March 13, 2026

***VIA ACMS***

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

Ms. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for
  the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Andrew D. Silverman**

E  asilverman@orrick.com
D  +1 212 506 3727
F  +1 212 506 5151

Re:   *Diaz-Roa v. Hermes Law, P.C.*, et al., No. 24-3223
       Response to Notice of Supplemental Authority under Fed. R. App. 28(j)

Dear Ms. Wolfe:

We represent Appellants and write in response to Plaintiff's letter advising the Court of the district court's decision in *McSweeney v. Cohen*, No. 24 Civ. 1503, 2026 WL 658371 (S.D.N.Y. Mar. 9, 2026).  Plaintiff contends that *McSweeney* supports her argument that Defendants waived their right to arbitrate by filing a prior federal action in Texas.  *McSweeney* is a district court opinion that is not binding on this Court.  It certainly is no more persuasive than the district court's decision below finding no waiver on the specific facts of this case.  But in any event, *McSweeney* does not endorse Plaintiff's bright-line test and is distinguishable on its facts and its application of *Doyle v. UBS Financial Services, Inc.*, 144 F.4th 122 (2d Cir. 2025).  It is essentially irrelevant to the Court's analysis here.

*McSweeney* centered its analysis on the fact that the defendants there did not move to compel arbitration until "fourteen months" after the action was initiated, including after a second amended complaint, multiple case-management orders, and a 100-page opinion by the district court resolving the defendants' motion to dismiss.  2026 WL 658371, at *2-3.  That situation was similar to *Doyle*, where the defendant had litigated the case in federal court for nine months before deciding to move to compel arbitration.  *Id.* at *2.



March 13, 2026
Page 2

   The facts here are markedly different, which is why the same judge (Judge Liman) reached different conclusions.  Unlike in *McSweeney* and *Doyle*, the "brief tenure and nature of the Texas Action" means that Defendants did not "turn[] to arbitration only after failing" in efforts to dismiss the case.  SPA-25; *McSweeney*, 2026 WL 658371, at *3.  Judge Liman properly held that there was no waiver here where Defendant had not "prevailed with regard to anything" in federal court before moving to arbitrate.  SPA 25.  Those factual findings, which are reviewed for clear error, are not undermined by *McSweeney* or its application of *Doyle*.

   The district court's waiver ruling should be affirmed.

Very truly yours,

/s/ Andrew D. Silverman
Andrew D. Silverman

*Counsel for Appellants Hermes Law,
P.C., Syzygy Legal Tech., Inc.,
Dwayne Hermes, and Andres
Hermes*

cc: All Counsel